No. 14–0347/AF. U.S. v. Demario Riley. CCA S32097. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to February 11, 2014.

No. 14–0348/AF. U.S. v. Michael C. McPherson. CCA S32068. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to February 11, 2014.

No. 14–0349/AF. U.S. v. Stephen S. Madigan. CCA 38339. Appellant's motion to extend time to file the supplement to the petition for grant of review granted February 11, 2014.

No. 14–0353/AR. U.S. v. Samuel L. Sykes. CCA 20110747. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to February 10, 2014.

Friday, January 24, 2014

No. 14–0119/AF. U.S. v. Charles W. Paul. CCA S32025. On consideration of the motion filed by Major Zaven T. Saroyan to withdraw as appellate defense counsel, it appears that the Judge Advocate General has assigned another counsel to represent Appellant and that the new attorney has assumed the representation of said Appellant. Accordingly, it is ordered that said motion is hereby granted.

Monday, January 27, 2014

No. 14–0134/AR. U.S. v. Brett M. Gaskill. CCA 20110028. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, and in light of *United States v. Lubasky*, 68 M.J. 260 (C.A.A.F. 2010), we note that the proper victim in Specifications 2, 3, and 4 of Charge V was the merchant who provided the goods and services upon false pretenses, not the debit cardholder/Soldier. However, the charge sheet, stipulation of fact, and providence inquiry focused on the three Soldiers as victims, and there was no discussion on the record of whether the merchants were victimized. *See Lubasky*, 68 M.J. at 263. Accordingly, it is ordered that said petition is granted on the following issue:

> WHETHER APPELLANT COMMITTED LARCENIES OF THE PROPERTY OF THREE SOLDIERS BY USING THEIR BANK CARDS WITHOUT AUTHORITY.

The decision of the United States Army Court of Criminal Appeals is reversed as to Specifications 2, 3, and 4 of Charge V, and the findings of guilty as to those specifications are set aside. The remaining findings are affirmed. The record is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals. That court may either dismiss Specifications 2, 3, and 4 of Charge V and reassess the sentence based on the affirmed findings, or it may order a rehearing on the affected specifications and the sentence. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 14–0134/AR. U.S. v. Brett M. Gaskill. CCA 20110028. [See also APPEALS—SUMMARY DISPOSITIONS this date.]